MOISE, Justice.
This suit has for its object the abatement of an alleged nuisance. Plaintiffs, the Sisters of the Blessed Sacrament for Indians and Colored People, a Pennsylvania Corporation, and thirty-two individual members thereof, filed this action against the defendant, Louisiana Society for the Prevention of Cruelty to Animals, seeking relief in the form of a permanent injunction, to enjoin the defendant society from carrying on its operations in the manner where the howling, yelping and barking of the dogs and other animals-caused inconvenience, and loss of sleep of plaintiffs, and from operating its establishment in such a manner that noxious and offensive odors- are diffused in the air and blown over the residence and buildings, operated by petitioners. There was judgment in favor of the plaintiffs and against the defendant Society, “permanently enjoining the said defendant society from carrying on its operations in a manner wherein the howling, barking and yelping of dogs and other animals under its care and control, will cause annoyance, inconvenience and loss of sleep to the said plaintiffs, and further enjoining the said, defendant society from operating its establishment in the manner whereby noxious, and offensive odors are diffused and blown over to the residence of the said plaintiffs.
*562 In reading the allegations of the petition and in examining the prayer thereof for relief, we find that there is no amount in dispute nor is there any fund to be distributed. The value of plaintiffs property is not an issue either from the pleadings or the prayer; the value of the improvement that may be made in the future is not before this court. The only issue before the court is the enjoining of the Society for the Prevention of Cruelty to Animals from using their property in the manner and in the way in which it is presently used and which allegedly constitutes a nuisance to the petitioners and which they desire to prevent. The appeal is prosecuted suspensively to this Court. The district court fixed the bond for the right which should be determined here at the sum of $250.00.
Article 7, Sec. 10 of the Const, of 1921 relating to the jurisdiction of the Supreme Court, in part, reads:
“* * * It shall have appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest * * *»
Therefore, the Supreme Court has no jurisdiction of this case and it should be transferred to the Court of Appeal for the Parish of Orleans, in view of the provisions of LSA-R.S. 13:4441, 13:4442, which provides:
“In any case otherwise properly brought up on appeal to the Supreme Court, * * * the judges * * * may, in cases where the appellant or appellants shall have appealed to the wrong court, transfer the case to the proper court instead of dismissing the appeal. * * * ”
For the reasons assigned, it is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans, provided that the record shall be filed in that court within thirty days from the date on which this decree shall become final, otherwise the appeal shall be dismissed; appellant to pay costs.